**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JARED M. FRANKE, #500957,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) **Case No. 25-cv-02169-JPG** |
| | ) |
| **C/O BIG JOHN,** | ) |
| **C/O JAKE,** | ) |
| **JOHN DOE 1,** | ) |
| **JOHN DOE 2,** | ) |
| **and C/O JOSH,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Jared Franke, an inmate at Monroe County Jail ("Jail"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the First Amended Complaint (Doc. 6) filed on January 5, 2026,[1] Plaintiff alleges that he was punished without penological justification when he was forced from the shower and dragged nude in handcuffs to a common area at Monroe County Jail. (Doc. 6, pp. 5-6). He seeks monetary relief. *Id.* at 7. The First Amended Complaint is now before the Court for review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out portions that are frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. *Id.* At this early stage, the factual allegations in the *pro se* First Amended Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009).

---

[1] Plaintiff replaced his unsigned Complaint (Doc. 1) with a "Signed Complaint" (Doc. 6) on January 5, 2026. The two documents are different, and the signed version controls. The Clerk's Office is **DIRECTED** to **RE-NAME** the "Signed Complaint" at Doc. 6 as the "First Amended Complaint." The First Amended Complaint supersedes and replaces the original and renders it **VOID**. This screening order focuses on the First Amended Complaint (Doc. 6).

1

**<u>First Amended Complaint</u>**

Plaintiff sets forth the following allegations in the First Amended Complaint (Doc. 6, pp. 5-6):  During his detention at Monroe County Jail on September 4-5, 2025, Plaintiff's 60-minute cleaning and recreation time was cut short when Officer Josh ordered him to lock up after only 25 minutes.  *Id*. at 5.  Plaintiff complied with the order and returned to his cell.  Soon thereafter, several officers said they heard loud noises coming from his cell.  Plaintiff offered to cuff up through the chuckhole, but the officers told him not to worry about it.  He thought the situation was resolved.  *Id*.

Plaintiff went to take a shower.  As he bathed, Officer Big John, Officer Josh, Officer Jake, Deputy John Doe 1, and Deputy John Doe 2[2] ordered him to exit the shower and get dressed. When he stepped out of the shower in compliance with the order, Big John grabbed the nude inmate, cuffed him, and dragged him into the pod where other inmates could see him naked.  *Id*. at 5-6.  Plaintiff felt humiliated by this experience, so he stood up and walked to the quiet room cell.  *Id*. at 6.

The next morning, Sergeant Zirkelback[3] agreed to transport Plaintiff to St. Clair County Jail, and he willingly transferred to avoid further harassment at Monroe County Jail.  *Id*.

**<u>Discussion</u>**

The Court designates a single count in the *pro se* First Amended Complaint:

**Count 1:**     Defendant Big John violated Plaintiff's rights under the Fourteenth or Eighth Amendment by forcing him out of the shower, cuffing him, and dragging his nude body into the common area of the Jail on or around September 4-5, 2025.

---

[2] Plaintiff refers to three or four unknown deputies, but he names only two in the case caption of his First Amended Complaint. The Court will not add the additional unknown deputies as parties, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").
[3] Plaintiff does not name this individual as a party or bring any claims against him.

2

> **Count 2:**    Defendants C/O Jake, C/O Josh, Deputy John Doe 1, and Deputy John Doe 2 violated Plaintiff's rights under the Fourteenth or Eighth Amendment when they failed to intervene and stop Big John from forcing Plaintiff out of the shower, cuffing him, and dragging his nude body into the common area of the Jail on or around September 4-5, 2025.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.[4]

### Count 1

Count 1 is governed by the Fourteenth Amendment if Plaintiff was a pretrial detainee on the date of the incident (September 4-5, 2025).  To state a claim in this context, a pretrial detainee must allege that each defendant acted purposefully, knowingly, or perhaps even recklessly in response to conditions posing an excessive risk to his health or safety and the defendant's actions were objectively unreasonable.  *See Kingsley v. Henderson*, 576 U.S. 389, 397 (2015).  When determining whether an officer's conduct was reasonable when using force, the court considers whether the plaintiff actively resisted the officer or posed a threat that needed to be subdued.  *Id*.

Count 1 is governed by the Eighth Amendment prohibition against cruel and unusual punishment, if Plaintiff was a convicted person on the date of this incident (September 4-5, 2025).  To bring a claim in this context, a prisoner must allege that each defendant acted with deliberate indifference to an excessive risk to his health or safety.  *See Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009).  Searches conducted in a manner intended to harass, humiliate, or cause psychological harm violate the Eighth Amendment.  *Id*.  Searches that are "maliciously motivated, unrelated to institutional security, and hence 'totally without penological justification,'" are also unconstitutional.  *Whitman v. Nesic*, 368 F.3d 931 (7th Cir. 2004) (citations omitted).

---

[4] Any other claim mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Count 1 survives screening under both standards against Big John.  While Plaintiff was complying with the officer's order to step out of the shower and get dressed, Big John grabbed him, cuffed him, and dragged his nude body to the Jail's common area for other inmates to see. *Id*. at 5-6.  Plaintiff did not resist.  *Id*. at 6.  Plaintiff was so humiliated by the experience that he transferred to another jail to avoid further harassment the following day.  *Id*.  This claim shall proceed past screening against Big John, and the  parties can use discovery to sort out Plaintiff's legal status on the date of the incident giving rise to Count 1.

### Count 2

Turning to Count 2, the Court must consider whether any other officers caused a deprivation of Plaintiff's constitutional rights.  An officer has a duty under § 1983 to "intervene to prevent . . . the use of excessive force if the officer is informed of the facts that establish a constitutional violation and has the ability to prevent it."  *Montano v. City of Chi.*, 535 F.3d 558, 569 (7th Cir. 2008) (citing *Morfin v. City of East Chi.*, 349 F.3d 989, 1001 (7th Cir. 2003)). According to the allegations, Officer Josh, Officer Jake, Deputy John Doe 1, and Deputy John Doe 2 ordered Plaintiff to exit the shower and get dressed.  (Doc. 6, pp. 5-6).  Plaintiff does not allege that these officers were aware of Big John's subsequent conduct and also had a "realistic opportunity to intervene and prevent the harm from occurring."  *Id*. (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)).  Because the allegations offer insufficient details about their involvement in any constitutional violation, Count 2 shall be dismissed without prejudice for failure to state a claim for relief against Officer Josh, Officer Jake, Deputy John Doe 1, and Deputy John Doe 2.

**Disposition**

The First Amended Complaint (Doc. 6) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **BIG JOHN**, but **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim against Defendants **OFFICER JAKE, OFFICER JOSH, JOHN DOE 1,** and **JOHN DOE 2**.

To help identify "Big John" by first and last name so this suit can be served on him, the Clerk's Office is **DIRECTED** to **ADD** the **MONROE COUNTY JAIL ADMINISTRATOR (official capacity only)** as a defendant in CM/ECF, and this defendant will be responsible for responding to discovery aimed at identifying "Big John" by first and last name according to the instructions and deadlines in the Doe Identification Order that will be entered after this official capacity party enters an appearance.

With regard to **COUNT 1,** the Clerk of Court shall prepare for **MONROE COUNTY JAIL ADMINISTRATOR (official capacity only)** and, once identified, **BIG JOHN (individual capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 6), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

5

Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**Defendant Monroe County Jail Administrator need not answer because he or she is named in an official capacity for purposes of identifying Defendant "Big John" by name. This defendant should only file an appearance in this matter.**

Defendant Big John is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 6) and shall not waive filing a reply under 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant Big John should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD the MONROE COUNTY JAIL ADMINISTRATOR (official capacity only) as a defendant and TERMINATE OFFICER JAKE, OFFICER JOSH, JOHN DOE 1, and JOHN DOE 2 as parties in CM/ECF.**

**IT IS SO ORDERED**.

**DATED: 3/25/2026**

**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint.  After service has been achieved, the defendants will enter their appearance and Defendant Big John will file an Answer to your First Amended Complaint.  It will likely take at least **60 days** from the date of this Order to receive Defendant Big John's Answer, but it is entirely possible that it will take **90 days** or more.  When this defendant has filed an answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for Defendant Big John before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before Defendant Big John's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.